IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAL RUDDICK, TIMOTHY THOMAS, FELICIA BRYANT, BARRY CARR, MOSHE DAVIS, and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4 HEALTH & WELFARE FUND, <br><br> and <br><br> HAL RUDDICK, TIMOTHY THOMAS, FLOYD SCHLOSSBERG and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4 PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> AMBASSADOR NURSING & REHABILITATION CENTER, INC., and DAVID MEISELS, individually, <br><br> Defendant. | Case No.: FILED: MAY 01, 2008 <br> 08CV2498 RCC <br> JUDGE MORAN <br> MAGISTRATE JUDGE VALDEZ <br><br> Judge: |

## COMPLAINT

Plaintiffs HAL RUDDICK, TIMOTHY THOMAS, FELICIA BRYANT, BARRY CARR, MOSHE DAVIS and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4 HEALTH and WELFARE FUND ("Welfare Fund") and HAL RUDDICK, TIMOTHY THOMAS, FLOYD SCHLOSSBERG and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4 PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, by way of their complaint against Defendants AMBASSADOR NURSING &

REHABILITATION CENTER, INC., and DAVID MEISELS, individually, state as follows:

## COUNT I

### FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS
### AMBASSADOR NURSING & REHABILITATION CENTER, INC.

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district.

2. Defendant AMBASSADOR NURSING & REHABILITATION CENTER, INC.(herein "Defendant Company"), is incorporated and registered to do business in the State of Illinois. At all relevant times, the Defendant Company was doing business within this District and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), and Section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S. C. § 152(2).

3. Defendant DAVID MEISELS is a citizen of the state of New York but at all times relevant to this suit, was the owner and President of AMBASSADOR NURSING & REHABILITATION CENTER, INC., for which he was doing business and operated within this district.

4. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

5. The Service Employees International Union, Local 4 ("SEIU") is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

6. The Defendant Company is now and at all relevant times has been a party to a Master Agreement between SEIU and the Illinois Association of Health Care Facilities, the most recent of which is effective by its terms from April 20, 2005 through December 31, 2007 but which has extended each month thereafter and continues to be in effect.

7. Under the terms of the collective bargaining agreement (herein "Agreement"), the Defendant Company is required to make monthly contributions to the Welfare Fund on behalf of all its full-time employees and on behalf of its part-time employees who elect coverage and are covered by the Agreement.

8. Under the terms of the collective bargaining agreement (herein "Agreement"), the Defendant Company is required to make monthly contributions to the Pension Fund on behalf of all its full-time employees and part-time employees who are covered by the Agreement.

9. The Agreement also requires the Defendant Company to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds on behalf of each covered employee.

10. The Defendant Company must also pay contributions for each month worked by its employees to the Welfare Fund and each hour worked by its employees to the Pension Fund. The Defendant Company is required to remit contributions for the Funds along with a remittance report. Pursuant to the Funds' respective Trust Agreements and collection procedures, Employers who fail to report and/or remit contributions are liable to pay an additional 20% in liquidated damages to the Welfare Fund and 10% in liquidated damages to the Pension Fund, which increases to 20% once a lawsuit is filed, as well as all costs of collection, including reasonable audit expenses, attorneys' fees,

and court costs.

11.     Pursuant to the Agreement and the Welfare Fund's Trust Agreement, Employers failing to make prompt and timely contributions when due in accordance with the Agreement, shall be liable for all claims filed by its employees to the extent of benefits to which the employee would have been entitled if the Employer had made the required timely contribution.

12.      For the period of September 2007 through the present, the Defendant Company has failed to timely remit contributions and reports to the Welfare Fund.

13.     For the period of August 2007 through the present, the Defendant Company has failed to timely remit contributions and reports to the Pension Fund.

14.     Since at least August 2007, the Defendant Company has employed employees who performed work covered by the Agreement.

15.     Despite demand being made, the Defendant Company has not remitted the contributions and reports due.

16.     All conditions precedent to requiring payment of contributions to the Funds have been met.

17.     The Defendant Company's failure to timely report and remit contributions to the Funds violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

18.     The Defendant Company's employees have incurred and had claims submitted to the Welfare Fund during periods in which the Defendant Company failed to remit the required contributions to the Welfare Fund. Pursuant to the terms of the Agreement and the Welfare Fund's Trust Agreement, the Defendant Company is liable for these claims and any additional claims that shall be incurred and submitted to the Welfare Fund for months in which contributions have not been

remitted.

19.     Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing trust documents, the Defendant Company is liable to the Funds for unpaid contributions, interest, liquidated damages in the amount of 20% and reasonable attorneys' fees and court costs.

20.     The Defendant Company's obligations under the collective bargaining agreement are continuing, and for each month it continues to be delinquent, contributions will be due and owing to the Funds and interest on the unpaid contributions will continue to accrue until payment is made.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request a judgment against AMBASSADOR NURSING & REHABILITATION CENTER, INC., as follows:

1. Finding that AMBASSADOR NURSING & REHABILITATION CENTER, INC., violated the Agreement;

2. Finding that AMBASSADOR NURSING & REHABILITATION CENTER, INC., is liable to the Funds for the delinquent contributions owed to date, interest, liquidated damages and attorneys' fees and court costs.

3. Finding that AMBASSADOR NURSING & REHABILITATION CENTER, INC., is liable to the Welfare Fund for all claims incurred by its employees and submitted to the Welfare Fund for periods in which contributions were not made as required by the Agreement;

4. Ordering AMBASSADOR NURSING & REHABILITATION CENTER, INC., to pay to Plaintiffs all delinquent contributions to date, all accrued delinquencies prior to and after the filing of this suit, interest and liquidated damages;

5. Ordering AMBASSADOR NURSING & REHABILITATION CENTER, INC., to pay to the Welfare Fund all claims paid related to the Defendant Company's employees during periods in which

contributions were not paid as required;

6. Ordering AMBASSADOR NURSING & REHABILITATION CENTER, INC., to pay to Plaintiffs all reasonable audit fees and attorneys' fees and costs incurred in pursuing collections; and

7. Granting all such other legal and equitable relief as the Court deems just and proper.

## COUNT II

### AMBASSADOR NURSING & REHABILITATION CENTER, INC., AND DAVID MEISELS, individually, VIOLATED THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT BY DEDUCTING AND FAILING TO REMIT WAGES

21. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 20 of Count I as paragraphs 1 through 20 of Count II.

22. The Service Employees International Union, Local 4 ("SEIU") is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

23. Plaintiffs maintain offices and conduct business within this district and are authorized to collect work dues on behalf of SEIU.

24. Defendant AMBASSADOR NURSING & REHABILITATION CENTER, INC.(herein the "Defendant Company"), is an incorporated business that does business within this district.

25. Defendant DAVID MEISELS resides in the State of New York but is the owner and President of the Defendant Company. At all relevant times, he was conducting business within this district.

26. This Court has supplemental jurisdiction over Count II, which alleges a state

law claim, pursuant to 28 U.S.C. § 1367.

27. Venue is properly vested in the District Court for Count II, pursuant to 28 U.S.C. § 1391(b).

28. During the period of September 2007 and continuing through the present, the Defendant Company's employees performed work for the Defendant Company and earned wages.

29. On information and belief, in accordance with the Agreement, each of the Defendant Company's employees executed written assignments authorizing and directing the Defendant Company to withhold moneys from their wages for remittance to SEIU in satisfaction of union dues and fee obligations.

30. On information and belief, since September 2007 pursuant to the wage assignments, the Defendant Company deducted money from the employees' wages, but failed to properly remit those amounts to SEIU.

31. SEIU has demanded payment of the moneys believed to have been deducted from the employees' wages and withheld by the Defendant Company; however, no payments have been received. Therefore, the Defendant Company is liable for all unremitted wage deductions plus an additional 10% of the amounts due in accordance with the Agreement.

32. SEIU has authorized the Funds to serve as collection agents on its behalf for purposes of collecting the amounts due to SEIU as alleged in this Complaint.

33. The Defendant Company's conduct violates the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq.

34. At all material times, DAVID MEISELS ("Meisels") acted directly in the

interest of the Defendant Company in relation to its employees.

35. On information and belief, at all material times, Meisels controlled the terms and conditions of employment of the Defendant Company's employees and exercised control over the payment of wages and the withholding of moneys from employees' wages.

36. On information and belief, at all material times, Meisels controlled all disbursements made by the Defendant Company, including the issuance of payroll checks and dues remittance checks.

37. On information and belief, Meisels knowingly permitted the Defendant Company to retain the wages withheld from each employee's paycheck rather than tendering such funds to SEIU.

38. Meisels personally and actively conducted or participated in the actions of the Defendant Company alleged above causing injury to SEIU. Meisels, therefore, is an employer under the Illinois Wage Payment and Collection Act, 820 ILCS 115/13, and is personally liable for his failure to properly deduct moneys from employees' wages and remit those moneys to SEIU for payment of union dues.

WHEREFORE, based on Count II of this Complaint, Plaintiffs respectfully request this Court to enter judgment against AMBASSADOR NURSING & REHABILITATION CENTER, INC., and DAVID MEISELS, individually, as follows:

1. Finding that AMBASSADOR NURSING & REHABILITATION CENTER, INC., and DAVID MEISELS, personally and individually, violated the Illinois Wage Payment and Collection Act;

2. Ordering AMBASSADOR NURSING & REHABILITATION CENTER, INC., and DAVID MEISELS, individually, jointly and severally, to pay Plaintiffs all moneys that they failed to properly withhold and remit to SEIU, plus late fees at a rate of 10%.;

3. Ordering AMBASSADOR NURSING & REHABILITATION CENTER, INC., and DAVID MEISELS, individually jointly and severally, to pay the costs in connection with its efforts to recover the money it was deprived, including reasonable attorneys' fees and costs pursuant to the Attorneys Fees in Wage Actions Act, 705 ILCS 225/1; and

4. Granting all other such legal and equitable relief as the Court deems just and proper.

## COUNT III
## CONVERSION CLAIM AGAINST AMBASSADOR NURSING & REHABILITATION CENTER, INC., and DAVID MEISELS, individually

39. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 38 of Counts I and II as paragraphs 1 through 38 of Count III.

40. Pursuant to the wage assignments executed by the Defendant Company's employees, SEIU has a right to all wages deducted from employees' wages for remittance to SEIU as union dues and fees.

41. After the Defendant Company deducted and withheld money from its employees' wages assigned by the employees to SEIU for payment of union dues and fees, the SEIU had an absolute right to immediate possession of those moneys.

42. After the Defendant Company withheld wages from its employees' wages assigned by the employees to SEIU for payment of union dues and fees, Defendant Company was without right or authorization to possess those moneys.

43. Upon information and belief, since at least September 2007 and continuing to present, the Defendant Company deducted and withheld moneys from employees' wages for union dues and fees, but the Defendant Company did not remit that money to SEIU in a timely manner, and the Defendant Company appropriated that money for its own use and benefit; and thereby permanently deprived SEIU of its property.

44.     SEIU has authorized the Funds to serve as collection agents on its behalf for purposes of collecting the amounts due to SEIU as alleged in this Complaint.

45.     Plaintiffs have made demand for possession of the monies as collection agents for SEIU, but the Defendant Company has not turned over the amounts deducted from the employees' wages.

46.     Through the acts and conduct alleged above, the Defendant Company wrongfully converted SEIU's property and may justly be required to pay to the SEIU the full value of that property.

47.     On information and belief, DAVID MEISELS ("Meisels"), individually, personally withheld moneys from the wages of the employees or personally caused another to withhold those moneys. After the withholding of the employees' wages assigned to SEIU as union dues and fees, SEIU had an absolute right to immediate possession of those moneys.

48.     Meisels, individually, knowingly failed to remit to SEIU moneys withheld from the employees' wages, or personally caused another to fail to remit those moneys to the SEIU following the withholding of those moneys. Meisels, individually, was without right or authorization to possess those moneys.

49.     Meisels, individually, appropriated, for his own use and benefit, the moneys withheld from the employees' wages.

50.     Plaintiffs have made demand for possession of the monies, but Meisels, individually, has not turned over the amounts deducted from employees wages.

51.     Through the acts and conduct alleged above, Meisels, individually, wrongfully converted SEIU's property and may justly be required to pay to the SEIU the full value of that

property.

WHEREFORE, based on Count III of this Complaint, Plaintiffs respectfully request this Court to enter judgment against AMBASSADOR NURSING & REHABILITATION CENTER, INC., and DAVIS MEISELS, individually as follows:

1. Finding that AMBASSADOR NURSING & REHABILITATION CENTER, INC., and DAVIS MEISELS, personally and individually, wrongfully converted SEIU's property;

2. Ordering AMBASSADOR NURSING & REHABILITATION CENTER, INC., and DAVIS MEISELS, individually, jointly and severally, to pay the Plaintiffs all moneys that they failed to properly withhold and remit to SEIU, including interest;

3. Ordering AMBASSADOR NURSING & REHABILITATION CENTER, INC., and DAVIS MEISELS, individually, jointly and severally, to pay the Plaintiffs' costs in connection with its efforts to recover the money it was deprived, including reasonable attorneys' fees and costs; and

4. Granting all other such legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/LaKisha M. Kinsey-Sallis
LaKisha M. Kinsey-Sallis
One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361